UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Caitlin Wise,** | ) | **CASE NO. 1:14 CV 630** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **T-Mann, LLC, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendant Jon Middendorf's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 21).[1]  This case arises under the Fair Labor Standards Act.  For the reasons that follow, the motion is DENIED.

**FACTS**

---

[1]  Defendant Middendorf filed a motion to dismiss plaintiff's initial complaint.  After that motion was fully briefed, plaintiff filed an amended complaint.  Thereafter, plaintiff filed a renewed motion to dismiss incorporating his pervious arguments.  The Court will treat the original briefing as applicable to the amended complaint.

1

Plaintiff, Caitlin Wise, filed this action in state court against defendants, T-Man, LLC, Jon Middendorf, and Thomas Manfreda, alleging failure to pay minimum wage and overtime. The complaint was filed on March 6, 2013. Plaintiff attempted to serve defendant Middendorf (hereafter "defendant") at 728 Palisades Drive in Ohio. That service was returned as "undeliverable." Plaintiff later attempted to serve defendant at an address in Florida. Service was returned "unclaimed." Plaintiff then attempted service by regular mail at the Florida address and that attempt was returned as "undeliverable." Thereafter, plaintiff attempted service by publication. According to defendant, he never saw the publication, but co-defendant Manfreda informed him of the attempted service. Defendant entered an answer in the state court case and removed this matter to federal court. Defendant now moves to dismiss for failure of service of process. Plaintiff opposes the motion.

**ANALYSIS**

Under Ohio law, service by publication is only permitted in certain circumstances. The parties appear to agree that the only statutory provision even arguably applicable provides that service by publication may be made "[i]n an action in which the defendant, being a resident of this state, has departed from the county of his residence with intent to delay or defraud his creditors or to avoid the service of a summons, or keeps himself concealed with a similar intent." O.R.C. § 2703.14(L).

Defendant argues that service was improper because defendant is not a "resident of this state." According to defendant, he transferred his Palisades Drive property in 2009 and, as such, he stopped living at that address "well before the commencement" of this lawsuit. Thus, service by publication is not proper because there is no indication that defendant is a resident of Ohio.

2

In addition, defendant agues that the affidavit provided by plaintiff's counsel to the state court in support of her motion for service by publication is insufficient.

In support of this motion, defendant provides an affidavit in which he avers only that he is "no longer a resident of Ohio.[2]" Defendant does not indicate where he currently resides. Nor does defendant aver that upon leaving his Palisades resident he provided a forwarding address.

In response, plaintiff points out that she made a number of attempts to serve defendant both in Ohio and in Florida. She argues that even one year after this action was filed, the Secretary of State's website identified defendant, residing at his Palisades Drive address, as the statutory agent for defendant T-Mann, LLC. Plaintiff also points out that in 2012–years after defendant "sold" his residence– voting records show that defendant voted based on the Palisades Drive address. In addition, plaintiff notes that in 2010, plaintiff was served by the Ohio Department of Commerce at the Palisades address. Plaintiff further points out that defendant has executed a number of notarized documents in Ohio since the filing of this lawsuit. In addition, plaintiff argues that publication served its purpose. Defendant's own affidavit indicates that he learned of this lawsuit from his co-defendant as a result of the publication. He appeared in this action to protect his interests. Therefore, publication by service was effected.

Upon review, the Court finds that plaintiff properly served defendant by publication. Under Ohio law, the issue of whether service by publication is proper universally focuses on whether the defendant "departed from the county of his residence with intent to delay or defraud his creditors or to avoid the service of a summons, or keeps himself concealed with a similar intent." In that vein, the Ohio Supreme Court held as follows:

---

[2] Defendant also avers that he is "no longer" a resident of Florida.

> Therefore, this court concludes that 'concealment' of a defendant, as that term is used in R.C. 2703.14(L), may reasonably be inferred from plaintiff's inability to locate that defendant after the exercise of 'reasonable diligence,' as that term is used in Civ.R. 4.4(A).  This inference is sufficient to support service by publication if the defendant, when challenging the sufficiency of such service, does not present evidence contradicting the inference.  Once the inference of concealment is raised, the burden is placed on the defendant to overcome its effect either by producing [himself] or by producing other independent evidence....
>
> \*\*\*
>
> The approach today not only takes into account the practical difficulties under which the party seeking service must operate but also affords protection to the interests of both parties.  Initially, the defendant's right to reasonable notice is protected because the plaintiff must prove that reasonable diligence has been exercised to locate the address of the defendant.  The defendant is further protected because she has the opportunity to challenge the sufficiency of service by a motion to quash service and may bring in independent evidence to contradict the reasonable diligence of the plaintiff's search or to rebut the inference of concealment....

*Brooks v. Rollins*, 457 N.E.2d 1158, 1160 (Ohio 1984).

Based on *Brooks*, it is readily apparent that the inquiry focuses on the plaintiff's efforts to locate the defendant.  It appears obvious that if the plaintiff, after exercising reasonable diligence, is unable to locate the defendant, plaintiff would also be unable to establish that defendant is a resident of Ohio.  Although the statute appears to allow publication only if the defendant "is a resident" of Ohio, defendant provides no case in which any court has rejected service by publication where plaintiff fails to establish that the defendant is a resident of Ohio.  Regardless, however, the Court need not reach that issue here.  In this case, the Court finds that there is ample evidence that defendant was in fact a resident of Ohio at the time the lawsuit was filed. As plaintiff aptly points out, the Secretary of State's website listed defendant's address as Palisades Drive even after this lawsuit was filed.  Defendant made no attempt to update this information.  In addition, just a few months before this lawsuit was filed –and after defendant sold the Palisades residence– defendant voted in Ohio based on the Palisades residency.  And,

4

although standing alone, signing documents in Ohio does not establish residency, the Court notes that defendant did in fact sign a number of documents in Ohio, *including* the affidavit attached to the current motion.  In addition, service by publication was effective in this case because defendant avers that he learned of this lawsuit as a result of the publication.  In response to all of this evidence, defendant simply avers that he "no longer" resides in Ohio.  Notably absent from his affidavit is any indication as to when he "no longer" resided in Ohio.  Thus, based on a totality of the facts presented in this case, the Court rejects defendant's argument that service by publication was ineffective because defendant was not a resident of Ohio at the time plaintiff commenced this action.

The Court further notes an overwhelming amount of evidence establishing that plaintiff used diligent efforts to locate defendant.  Plaintiff attempted a number of times to serve defendant at the Palisades address.  Plaintiff also located a property in Florida associated with defendant and attempted to serve him at that location.  Plaintiff conducted a background check and ordered voting records in an effort to discover defendant's address.  In addition, plaintiff questioned co-defendant Manfreda as to the whereabouts of defendant.  Manfreda claimed that he had no idea where defendant resided.[3]  And, contrary to defendant's argument, these efforts are detailed in the affidavit provided in support of service by publication.[4]  Simply put, defendant

---

[3] The Court notes that defendant sold Manfreda the Palisades drive property.  In addition, defendant avers that Manfreda informed him that plaintiff attempted service through publication.  The Court questions that Manfreda had "no idea" where defendant resided, in that the two are obviously close.

[4] Defendant also argues that the notice is ineffective because plaintiff did not list defendant's last known address in the notice.  In response, plaintiff argues that the notice is a form notice

5

offers no evidence or argument suggesting that plaintiff failed to establish that defendant is avoiding service of a summons or concealing himself.  Even the affidavit defendant provides in support of this motion is indicative of concealment.  Defendant avers only that he "no longer" resides in Ohio or Florida.  Defendant offers no time frame as to his relocation or information as to his current whereabouts.  In all, nothing in defendant's evidence contradicts the conclusion that plaintiff complied with *Brooks* by exercising reasonable diligence in attempting to locate defendant.

### **CONCLUSION**

For the foregoing reasons, Defendant Jon Middendorf's Motion to Dismiss Complaint is DENIED.

IT IS SO ORDERED.

          /s/ Patricia A. Gaughan
          PATRICIA A. GAUGHAN
          United States District Judge

Dated: 8/29/14

---

generated by the clerk's office.  Defendant offers no argument in reply.  The Court rejects defendant's argument that the form notice generated by the clerk is invalid.